UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BENESSE R. SIMPSON, | ) |
| Plaintiff, | ) |
| v. | ) No. 13 C 6141 |
| | ) Judge Sara L. Ellis |
| PATRICK R. DONAHOE, Postmaster General, | ) |
| Defendant. | ) |

## OPINION AND ORDER

Current United States Postal Service ("USPS") employee Benesse R. Simpson, who is African American, filed suit against Postmaster General Patrick R. Donahoe for racial discrimination, retaliation, and harassment she allegedly suffered while working at USPS' Romeoville, Illinois facility in 2011. Simpson also claimed USPS failed to promote her because of her race. The Court granted summary judgment for Donahoe on Simpson's race discrimination claim as it related to the May 13, 2011 and June 18, 2011 incidents raised in her complaint, her retaliation claim, and her hostile work environment claim. Simpson then filed a first amended complaint, setting forth specific instances where she claims USPS failed to promote her on the basis of her race in 2015. Donahoe now moves for summary judgment on this remaining failure to promote claim, contending that Simpson failed to exhaust the claim. Because Simpson's failure to promote claim is outside the scope of her administrative charges, she did not properly exhaust this claim; thus, the Court grants summary judgment for Donahoe.

# BACKGROUND[1]

Simpson began working at USPS in 1990. In August 2011, Simpson filed a complaint with the Equal Employment Opportunity Commission ("EEOC"), alleging that her supervisor at USPS' Romeoville facility, Carol Johnson, and its postmaster, Chuck Keeney, discriminated against her on the basis of her race and gender and retaliated against her because of her prior EEO activity. Both Johnson and Keeney are Caucasian. Simpson's claims were based on six incidents that she described in detail in her EEOC charge. Specifically, Simpson complained that, on May 5, 2011, Johnson told her she could not look at a scheme sheet of addresses even though Caucasian employees could do so. On May 11, 2011, Simpson claimed Johnson refused to let Simpson speak with another employee but allowed Caucasian employees to talk to each other. On May 13, 2011, Johnson told Simpson, who was working a lobby detail, to use the supervisor's bathroom near the lobby instead of the bathroom on the workroom floor. Simpson also complained about working thirty to forty-five minutes later than Caucasian part-time workers, being given an annex duty sheet with extra duties not given to Caucasian coworkers on June 11, 2011, and Johnson sending her home after a disagreement on June 18, 2011. Simpson's EEOC complaint and attached narrative did not mention that USPS had failed to promote her or select her for any position. The EEOC dismissed all of Simpson's claims except her claim regarding the June 18, 2011 early dismissal. The EEOC accepted this claim for investigation on August 31, 2011. After investigation of the early dismissal claim, the EEOC administrative judge granted summary judgment to USPS on May 14, 2013. The EEOC adopted the administrative judge's ruling, issuing a "Notice of Final Action" to Simpson, informing Simpson of her right to sue.

---

[1] The facts in this section are derived from the Joint Statement of Undisputed Material Facts. All facts are taken in the light most favorable to Simpson, the non-movant.

Simpson then filed suit on August 28, 2013. She claimed race discrimination, retaliation, and failure to promote. On October 10, 2013, Simpson filed an amended complaint to which she attached two EEOC complaints: the August 2011 complaint and a February 2012 complaint in which she alleged that, in October 2011, Johnson discriminated against her by accusing her of taking a break when she was only using the bathroom. The February 2012 EEOC complaint did not mention USPS' failure to promote or select Simpson for any position.

After the Court granted summary judgment for USPS on Simpson's race discrimination claim concerning the May 13, 2011 washroom incident and the June 18, 2011 early dismissal incident, retaliation claim, and hostile work environment claim, Simpson filed a first amended complaint alleging race discrimination for failure to promote. Specifically, Simpson claims that she applied for seven positions as a Supervisor of Customer Services at various USPS facilities in the Chicagoland area and that USPS did not select her for any of these positions because of race discrimination.

## LEGAL STANDARD

Summary judgment obviates the need for a trial where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. To determine whether a genuine issue of fact exists, the Court must pierce the pleadings and assess the proof as presented in depositions, answers to interrogatories, admissions, and affidavits that are part of the record. Fed. R. Civ. P. 56 & advisory committee's notes. The party seeking summary judgment bears the initial burden of proving that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). In response, the non-moving party cannot rest on mere pleadings alone but must use the evidentiary tools listed above to identify specific material facts that demonstrate a genuine issue

for trial. *Id.* at 324; *Insolia v. Philip Morris Inc.*, 216 F.3d 596, 598 (7th Cir. 2000). Although a bare contention that an issue of fact exists is insufficient to create a factual dispute, *Bellaver v. Quanex Corp.*, 200 F.3d 485, 492 (7th Cir. 2000), the Court must construe all facts in a light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

## ANALYSIS

Donahoe argues that Simpson cannot prevail on her failure to promote claims because she did not properly exhaust her administrative remedies with respect to these claims. "A Title VII plaintiff may bring only those claims that were included in her EEOC charge, or that are 'like or reasonably related to the allegations of the charge and growing out of such allegations.'" *Geldon v. S. Milwaukee Sch. Dist.*, 414 F.3d 817, 819 (7th Cir. 2005) (quoting *McKenzie v. Ill. Dep't of Transp.*, 92 F.3d 473, 481 (7th Cir. 1996)). This requirement is intended to provide the employer with notice of the nature of the claims against it and provide the EEOC and the employer the opportunity to settle the dispute with the employee before the employee commences litigation. *Geldon*, 414 F.3d at 819. An allegation in an EEOC charge reasonably relates to a federal claim if it involves "the same conduct and implicate[s] the same individuals." *Ezell v. Potter*, 400 F.3d 1041, 1046 (7th Cir. 2005). The relevant inquiry is "what EEOC investigation could reasonably be expected to grow from the original complaint." *Ajayi v. Aramark Bus. Servs., Inc.*, 336 F.3d 520, 527 (7th Cir. 2003) (quoting *Novitsky v. Am. Consulting Eng'rs, L.L.C.*, 196 F.3d 699, 701 (7th Cir. 1999)). The standard is a liberal one, reading the allegations of the EEOC charge broadly to take into account the fact that EEOC charges are often filed *pro se*. *Miller v. Am. Airlines, Inc.*, 525 F.3d 520, 525–26 (7th Cir. 2008); *Ezell*, 400 F.3d at 1047.

4

Here, Simpson's 2011 and 2012 EEOC charges bear no relation to her current claims that, in 2015, seven USPS facilities failed to select her as a Supervisor of Customer Services. Her 2011 and 2012 EEOC charges both alleged that her supervisors at the Romeoville USPS facility discriminated against her by, for example, disciplining her or making her working conditions more difficult than those of her Caucasian coworkers. These charges made no mention of instances where USPS failed to promote her or select her for certain positions for which she applied.[2] Thus, nothing indicated to the EEOC that it should investigate a failure to promote claim. *See Johnson v. Zion Sch. Dist. No. 6*, No. 12 C 5067, 2012 WL 6727406, at *4 (N.D. Ill. Dec. 28, 2012) (where plaintiff only complained of retaliation, age, and disability discrimination, nothing suggested that EEOC should investigate a failure to accommodate claim as well). Nor do Simpson's allegations related to failure to promote necessarily involve the same individuals; they instead concern seven USPS facilities throughout the Chicagoland area, only one of which is the same Romeoville facility at which she worked in 2011 and 2012. *See Ezell*, 400 F.3d at 1046 (claim is reasonably related to EEOC charge if it involves "the same conduct and implicate[s] the same individuals"). Moreover, the conduct Simpson now contends forms the basis of her failure to promote claim occurred in 2015—over three years after her last EEOC charge—and so cannot reasonably be related to her prior EEOC charges. *See Conner v. Ill. Dep't of Nat. Res.*, 413 F.3d 675, 680 (7th Cir. 2005) (finding that "it would have been impossible to describe the conduct related to her December 2002 non-promotion in her EEOC charges dated November 1, 2002"); *Kulumani v. Blue Cross Blue Shield Ass'n*, 224 F.3d 681, 685 (7th Cir. 2000) (failure to rehire claim not exhausted where EEOC charge filed before plaintiff applied for the position). This is particularly the case where the EEOC could not have

---

[2] Although Simpson requested promotions as a remedy for the alleged discrimination she suffered in connection with her EEOC charges, this would not put the EEOC on notice of a potential claim for failure to promote.

discovered this claim during its investigation, which concluded in 2013, well before the underlying conduct that forms the basis of her failure to promote claim occurred. *Cf. Ammons v. Metro. Water Reclamation Dist. of Greater Chicago*, No. 08 C 5663, 2011 WL 5507370, at *4–5 (N.D. Ill. Nov. 9, 2011) (finding that certain post-charge conduct was reasonably related where it "should easily have been discovered in the EEOC's investigation" and "describes the same conduct and implicates the same individuals"). Therefore, the Court finds that Simpson's failure to promote claim is beyond the scope of her EEOC charges and so Simpson cannot proceed on this claim.[3] The Court grants summary judgment for Donahoe.

## CONCLUSION

For the foregoing reasons, the Court grants Donahoe's motion for summary judgment [72]. The Court enters judgment for Donahoe on Simpson's race discrimination claim in her first amended complaint and terminates this case.

Dated: November 6, 2017

SARA L. ELLIS
United States District Judge

---

[3] Simpson appears to suggest in response that the Court should not require her to exhaust her failure to promote claim because retaliation claims necessarily arise after the filing of an EEOC charge, citing *McKenzie v. Illinois Department of Transportation*, 92 F.3d 473, 482 (7th Cir. 1996). But Simpson's failure to promote claim is not one for retaliation but rather one for race discrimination, and so *McKenzie* is inapposite.